IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







AP-74,951






GUY LEN ALLEN, Appellant



v.



THE STATE OF TEXAS






APPEAL FROM


TRAVIS COUNTY






 Womack, J., filed a concurring opinion, in which Meyers, Johnson, and
Cochran, JJ., joined.



 I agree with the Court's holding (ante, at 13) that the appellant did not make at trial the
complaint he now raises on appeal about the psychiatrist's evidence.

 Since my Sister Johnson has suggested improvements to the questions that are asked of
such "experts" when they offer their predictions of the likelihood that defendants will commit
criminal acts of violence in the future (post), I shall take this opportunity to suggest a question
that may be more important: How have the earlier predictions turned out?

 Hundreds of defendants have been convicted of capital murder in trials that required
juries to decide such an issue since it was enacted in 1973. In no small number of those trials,
"experts" offered their opinions. In every case in which a defendant was convicted of capital
murder, he was imprisoned. And it is in prison that a defendant's future conduct will take place,
since the only possible sentences are death or imprisonment for life. The records of the capital
murderers' conduct after conviction are at the prison. They are public records, I suppose.

 Why doesn't somebody ask an expert witness, has he (or any other "expert") bothered to
look at the records? If he has, how did the predictions turn out? If no one has looked, why not?
Isn't science the careful and systematic study of observations, and tests of the conclusions that
are based on the observations?


Filed June 28, 2006.

Do not publish.